UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ramiro M. R., | No. 26-cv-1178 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Ramiro M. R. ("Ramiro" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted.

**Background**

Respondents provide no evidence to dispute the facts asserted in the petition. (Dkt. 5.) Ramiro is a citizen of Mexico. (Dkt. 1 ¶ 12.) He has lived in the United States since August 2000 and has no serious criminal history. (*Id.* ¶¶ 12, 15.) He has two children who are U.S. citizens and has strong ties to the community. (*Id.* ¶ 13.)

On December 24, 2025, Petitioner was arrested by the Bloomington Police Department, and he was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE") two days later. (*Id.* ¶ 16.) Initially, he was detained at Sherburne County Jail, but at the time the petition was filed, he was being held at the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota. (*Id.*) Ramiro filed his petition on February 6, 2026, and Respondents filed their answer to the petition on February 9, 2026.

1

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided, and they point out correctly, that other courts, including the Fifth Circuit Court of Appeals, have ruled differently, and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal. (Dkt. 5.)

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not

frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Ramiro or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

Petitioner alleges that he should be immediately released. The Court agrees. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026). Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Ramiro's recent arrest, nor have Respondents produced one to the Court. As explained in *Ahmed M.*, the issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). Because Respondents have not produced any warrant, the Court finds the appropriate remedy is immediate release. *See id.*, 2026 WL 25627, at *3; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same).

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Ramiro M. R.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Ramiro M. R. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Ramiro M. R. in Minnesota, **with all of his personal effects seized during his arrest, including but not limited to immigration paperwork, and without new conditions**.

3

4. Further, the Court **ORDERS** Respondents file a notice on ECF **by no later than 8:00 PM on February 10, 2026** certifying Petitioner's release. The notice shall specify the date, time, and location of his release. If Ramiro M. R. has not been released by that time, then Respondents shall advise the Court about the reasons his release has not occurred, and the specific steps Respondents are undertaking to ensure his immediate release in Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 9, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge